**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIJENDER VIJENDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 19-cv-3337 (APM) |
| | ) |
| CHAD F. WOLF, in his official | ) |
| capacity as Acting Secretary of Homeland | ) |
| Security,[1] et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

I.

Plaintiffs in this case are asylum seekers who were found to lack credible fear of persecution in their home countries and are therefore subject to expedited removal from the United States.  Plaintiffs challenge an instructional document issued on April 30, 2019—which they term the "Lesson Plan"—that their asylum officers followed to make credible fear determinations.  Plaintiffs assert jurisdiction under 8 U.S.C. § 1252(e)(3).  That provision empowers the United States District Court for the District of Columbia to review actions challenging "a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement" the statutory provisions governing the expedited removal of arriving aliens.  8 U.S.C. § 1252(e)(3)(A)(ii).  Any such action, however, must be brought within 60 days after the date the challenged policy or procedure is "first implemented."  *Id.* § 1252(e)(3)(B).  Plaintiffs do not contend that their action was filed within 60 days of the first

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court substitutes Chad Wolf, who succeeded the originally named Defendant Kevin McAleenan as Acting Secretary of Homeland Security.

implementation of the Lesson Plan, which was issued more than six months before they filed this lawsuit.  Rather, they argue that the 60-day deadline is either non-jurisdictional or unconstitutional. For the reasons that follow, the court rejects both arguments and dismisses this action for lack of subject-matter jurisdiction.

## II.

This suit commenced on November 5, 2019, when Vijender Vijender—an asylum seeker who has since dismissed his claims in full—filed a complaint against Defendants.[2]  *See* Compl., ECF No. 1.  The following day, on November 6, 2020, Vijender filed a motion for an emergency stay of removal, alleging that he was at risk of imminent removal from this country. *See* Emergency Mot. for an Administrative Stay of Removal, ECF No. 3, at 4.  The court granted the temporary stay of removal, *see* Order, ECF No. 5, and directed the parties to submit expedited briefing regarding the court's jurisdiction over the matter, *see* November 7, 2020 Minute Order.

While briefing was proceeding, the court granted Vijender leave to amend his complaint twice, first adding Plaintiff Mukesh Mehla, *see* Dec. 17, 2019 Minute Order; Am. Compl., ECF No. 12, and subsequently adding Plaintiffs Ansier Rodriguez-Candelaria, Jagjot Singh, and Mantek Singh, *see* Dec. 23, 2019 Minute Order; Second Am. Compl., ECF No. 17 [hereinafter Second Am. Compl.].  The court temporarily enjoined Defendants from removing these additional plaintiffs pending the resolution of the jurisdictional question.  *See* Order, ECF No. 10; Order, ECF No. 15.  On February 13, 2020, Plaintiffs filed a motion to amend their Complaint a third time to join Prospective Plaintiff Sahil Sahil.  *See* Pls.' Mot. to Add Pl., ECF No. 23 [hereinafter

---

[2] Defendants are Chad F. Wolf, William P. Barr, Kenneth T. Cuccinelli, and Jennifer Higgins, all acting in their official capacities as Acting Secretary of Homeland Security; Attorney General of the United States; Acting Director of United States Citizenship and Immigration Services; and Associate Director of the Refugee, Asylum and International Operations Directorate, respectively.

Mot. to Add Pl.]. That motion is still pending. Vijender dismissed his claims without prejudice on March 9, 2020. *See* Notice of Voluntary Dismissal, ECF No. 28.

The remaining Plaintiffs are asylum seekers who have been determined to lack credible fear of persecution in their home countries and are therefore subject to expedited removal pursuant to 8 U.S.C. § 1225(b)(1) of the Immigration and Nationality Act ("INA"). *See* Second Am. Compl. ¶¶ 9–12, 28, 53. Prospective Plaintiff Sahil Sahil was also determined to lack a credible fear of persecution and was removed from the United States on or about February 14, 2020. *See* Pls.' Status Report Regarding Proposed Plaintiff Sahil, ECF No. 25, at 2; Mot. to Add Pl. ¶ 1. Plaintiffs and Prospective Plaintiff Sahil each contend that his respective asylum officer followed the Lesson Plan when making the negative credible fear determination. *See* Second Am. Compl. ¶¶ 9–12, 22, 35; Mot. to Add Pl. ¶¶ 1, 6.[3] Plaintiffs claim that the Lesson Plan is contrary to law, arbitrary and capricious, and unconstitutional, and they seek an order striking down the Lesson Plan and permanently enjoining Defendants from removing Plaintiffs without conducting new credible fear determinations. *See* Second Am. Compl. at pp. 40–45.

To obtain such relief, however, Plaintiffs must find a way around the restriction set forth in 8 U.S.C. § 1252(e)(3)(B). That statutory provision provides that any action challenging a written procedure or policy implementing 8 U.S.C. § 1225(b)—another provision of the INA, which governs expedited removal and parole of asylum seekers and other arriving aliens—must be filed "no later than 60 days after the date the challenged" policy is first implemented.[4] Plaintiffs

---

[3] The Lesson Plan is included as Exhibit A in Plaintiffs' original Complaint, ECF No. 1-1.

[4] The court assumes without deciding that the Lesson Plan is "a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement" § 1225(b) of the INA. *See* 8 U.S.C. § 1252(e)(3)(a)(ii). Defendants passingly contend that the Lesson Plan is not such a policy or procedure and is therefore not subject to challenge under 8 U.S.C. § 1252(e)(3), *see* Defs.' Mem. on Subject Matter Jurisdiction, ECF No. 18, at 2–3; however, because the court concludes that Plaintiffs' challenge was untimely, the court need not reach this question. Similarly, Plaintiffs concede, and so the court assumes without deciding, that 8 U.S.C. § 1252(e)(3) governs this challenge. *See* Pls.' Br. on the Question of the Court's Jurisdiction, ECF No. 7, at 3.

offer two solutions.  First, they contend that the 60-day limitation is a non-jurisdictional, claim-processing rule subject to equitable tolling.  Pls.' Br. on the Question of the Court's Jurisdiction, ECF No. 7, at 4–19 [hereinafter Pls.' Br.].  Second, even if the 60-day period is jurisdictional, Plaintiffs continue, then it is an unconstitutional violation of their due process rights.  *Id.* at 19–21.  Unfortunately for Plaintiffs, neither argument is availing.

III.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009, significantly amended the INA, "establish[ing] a system for expediting the removal of aliens who arrive at the border but are not eligible for admission." *See Am. Immigration Lawyers Ass'n v. Reno* (*AILA*), 199 F.3d 1352, 1354 (D.C. Cir. 2000). "Congress permitted judicial review of the new system, but set a deadline: all actions had to be 'filed no later than 60 days after the date the challenged section, regulation, directive, guidance, or procedure . . . is first implemented.'" *Id.* (quoting 8 U.S.C. § 1252(e)(3)(A)-(B)).  That deadline is the focal point of this dispute.

IV.

A.

The court's analysis begins with the D.C. Circuit's decision in *AILA*.  In that case, like this one, a group of plaintiffs brought a series of systemic challenges under § 1252(e)(3), but failed to raise them within 60 days of the first implementation of the challenged provisions as required by § 1252(e)(3)(B).  The district court observed that "Congress designed the statute so that the 60 days ran from a fixed point, the initial implementation of the challenged provisions, rather than from the date of application of IIRIRA to a particular alien." *Am. Immigration Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 47 (D.D.C. 1998).  Based on this reading, the court concluded that "the 60-day

4

requirement is jurisdictional rather than a traditional limitations period," and that the plaintiffs'

challenges were "time barred" and not "properly before this Court." *Id.*  The D.C. Circuit affirmed

the district court's dismissal of the complaints of those plaintiffs "who filed late and for that reason

had their claims dismissed." *AILA*, 199 F.3d at 1356–57.  Citing that portion of the district court's

opinion concluding that the 60-day time limit was jurisdictional, the circuit court wrote:  "We see

no reason to disturb the district court's analysis, and so we affirm the dismissal of these claims

substantially for the reasons stated in the court's thorough opinion." *Id.*

The D.C. Circuit's reasoning in *AILA* is admittedly sparse, but it nevertheless constitutes

binding precedent that this court must follow.[5]  "[D]istrict judges, like panels of [the D.C. Circuit],

are obligated to follow controlling circuit precedent until either [the D.C. Circuit], sitting en banc,

or the Supreme Court, overrule it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997).

"Controlling precedent may be 'effectively overruled,' but only if a later Supreme Court decision

'eviscerates' its reasoning." *Brookens v. Acosta*, 297 F. Supp. 3d 40, 47 (D.D.C. 2018) (quoting

*Perry v. MSPB*, 829 F.3d 760, 764 (D.C. Cir. 2016)), *aff'd sub nom. Brookens v. Dep't of Labor*,

No. 18-5129, 2018 WL 5118489 (D.C. Cir. Sept. 19, 2018).

Contrary to what Plaintiffs suggest, *see* Pls.' Br. at 6–13, no subsequent precedent has

"eviscerated" *AILA*'s reasoning.  To be sure, in the years since *AILA* was issued, the Supreme

---

[5] Other courts have also treated *AILA*'s opinion affirming the district court's reasoning as having precedential value. *See, e.g.*, *Dugdale v. U.S. Customs & Border Prot.*, 88 F. Supp. 3d 1, 8–9 (D.D.C. 2015) (dismissing for lack of jurisdiction an untimely suit filed under § 1252(e)(3) and leaving it to "higher authorities to determine whether grounds exist to depart from [*AILA*'s] holding[]"); *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 & n.5 (3d Cir. 2016) (citing *AILA* for the proposition that the "sixty-day deadline would clearly prevent Petitioners from litigating their systemic claims in [the District of Columbia], because that deadline passed years ago"); *Li v. Eddy*, 259 F.3d 1132, 1136 (9th Cir. 2001) (writing that *AILA* concerned the "jurisdictional restrictions in subsection (e)(3)"), *opinion vacated on other grounds*, 324 F.3d 1109 (9th Cir. 2003); *see also L.M.-M. v. Cuccinelli*, Civil Action No. 19-2676 (RDM), 2020 WL 985376, at *11 (D.D.C. Mar. 1, 2020) ("The D.C. Circuit affirmed the district court's dismissal of the individual plaintiffs on the ground that they filed suit after the 60-day period established by § 1252(e)(3) had expired.").

Court has "pressed a stricter distinction between truly jurisdictional rules . . . and nonjurisdictional claim-processing rules," *see Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (internal quotation marks omitted), and it has even observed that "*most* time bars are nonjurisdictional," *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015) (emphasis added).   However, the Court has explained that there are "exceptional" instances in which a time bar is properly understood as jurisdictional, *see Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 155 (2013) (citing *Bowles v. Russell*, 551 U.S. 205, 209 n.2 (2007)), and that Congress may imbue a time bar with jurisdictional properties by providing a "clear statement" to that effect, *Kwai Fun Wong*, 575 U.S. at 409–10. *AILA* discerned such a clear statement of jurisdictional intent in § 1252(e)(3)(B) by way of its affirmance of the district court's reasoning, which was that "Congress designed the statute so that the 60 days ran from a fixed point, the initial implementation of the challenged provisions, rather than from the date of application of IIRIRA to a particular alien." 18 F. Supp. 2d at 47.   None of the Supreme Court's many opinions parsing the distinction between jurisdictional and non-jurisdictional statutory requirements has ever questioned *AILA*'s holding or its rationale.   Indeed, none has even discussed § 1252(e)(3)(B)'s time bar. *Cf. Brookens*, 297 F. Supp. 3d at 49 (holding that an opinion had not been eviscerated because, in part, "the Supreme Court's only discussion of the specific time bar at issue . . . is ambiguous at best").   *AILA*'s holding that 8 U.S.C. § 1252(e)(3)(B) is jurisdictional therefore controls.   Because Plaintiffs filed this case more than 60 days after the Lesson Plan was implemented, under *AILA*, this court lacks jurisdiction to hear it.

B.

Even if *AILA*'s jurisdictional holding does not rise to binding precedent,[6] the result would be the same.  Congress may render a statutory requirement jurisdictional by "clearly stat[ing] that a threshold limitation on a statute's scope shall count as jurisdictional." *Arbaugh*, 546 U.S. at 515–16; *see also Kwai Fun Wong*, 575 U.S. at 409.  Congress need not "incant magic words in order to speak clearly," however.  *Auburn Reg'l Med. Ctr.*, 568 U.S. at 153.  It "need only include words linking the time period for filing to the grant of jurisdiction" to satisfy the clear statement requirement.  *Myers v. Comm'r of Internal Revenue Serv.*, 928 F.3d 1025, 1035 (D.C. Cir. 2019).  To assess whether Congress clearly "imbued a procedural bar with jurisdictional consequence," courts employ the "traditional tools of statutory construction." *Kwai Fun Wong*, 575 U.S. at 410–12 (considering the text, context, and legislative history to discern whether "Congress meant to enact something other than a standard time bar").  Applying those tools here, it is clear that Congress intended the 60-day requirement in § 1252(e)(3)(B) to be jurisdictional.

To begin, the statute plainly "speak[s] in jurisdictional terms," *Arbaugh*, 546 U.S. at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)); *see also Kwai Fun Wong*, 575 U.S. at 411 n.4 (explaining that "jurisdictional statutes speak about jurisdiction, or more generally phrased, about a court's powers").  Section 1252, titled "Judicial review of orders of removal," contains a general jurisdiction stripping provision:  "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under" the INA, "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory)."  8 U.S.C. § 1252(g).  Section 1252(a)(2)—titled "Matters not subject to judicial

---

[6] The court is mindful of the D.C. Circuit's admonition that "bare statements" of jurisdiction may be too "conclusory to constitute binding precedent."  *De Csepel v. Republic of Hungary*, 859 F.3d 1094, 1106 (D.C. Cir. 2017).

review"—specifically strips courts' "jurisdiction to review," among other things, "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1)" and "any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title," "except as provided in subsection (e)." *Id.* § 1252(a)(2)(A)(i), (iv).   Thus, IIRIRA establishes the presumptive rule that courts lack jurisdiction to review any action pertaining to the expedited removal of arriving aliens, and that the only exception to that jurisdiction-barring rule is provided in § 1252(e).

Section 1252(e) zeroes in on "judicial review of orders under section 1225(b)(1)"— including the expedited removal orders to which Plaintiffs are each subject.   "[N]o court may . . . enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title *except as specifically authorized in a subsequent paragraph of this subsection*." *Id.* § 1252(e)(1)(A) (emphasis added).   Paragraph 1252(e)(3) provides one such authorization, permitting courts in this District to review, among other things, "regulation[s], . . . a written policy directive[s], written policy guideline[s], or written procedure[s]" that implement § 1225(b).   *Id.* § 1252(e)(3)(A)(ii).   But that limited grant of jurisdiction comes with a caveat:   "Any action instituted under [Paragraph 1252(e)(3)] must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure . . . is first implemented." *Id.* § 1252(e)(3)(B).

Read as a whole, then, section 1252: (1) strips the courts of any source of jurisdiction over challenges arising from the execution of removal orders not expressly permitted in the statute; (2) specifically strips courts' jurisdiction over actions pertaining to expedited removal orders except as permitted in § 1252(e); (3) allows limited judicial review over a narrow category of these challenges, but only if "specifically authorized in a subsequent paragraph of this subsection"; and

(4) requires in one of those subsequent paragraphs that any systemic challenge pertaining to an expedited removal order be brought within 60 days of implementation of the challenged provision. Thus, any systemic challenge brought after 60 days would not be "specifically authorized" by Paragraph 1252(e)(3), meaning that "no court may . . . enter declaratory, injunctive, or other equitable relief in" that action. *Id.* § 1252(e)(1). And, because § 1252(e) does not authorize review of an untimely action, IIRIRA's baseline jurisdiction stripping provisions kick in, stripping the courts of jurisdiction over the action, "notwithstanding any other provision of law." *Id.* §§ 1252(g); 1252(a)(2)(A)(iv).

The jurisdiction of courts to hear systemic challenges is thus expressly "condition[ed]" on compliance with the timing requirement in § 1252(e)(3)(B). *See Kwai Fun Wong*, 575 U.S. at 412; *see also L.M.-M. v. Cuccinelli*, No. CV 19-2676 (RDM), 2020 WL 985376, at *10 (D.D.C. Mar. 1, 2020) (characterizing the 60-day filing deadline as one of three "condition[s]" of judicial review under § 1252(e)(3)). The timeliness of the action is therefore a "threshold ingredient" of the court's subject-matter jurisdiction, clearly rendering 8 U.S.C. § 1252(e)(3)(B) jurisdictional. *See Arbaugh*, 546 U.S. at 515; *see also Myers*, 928 F.3d at 1035 n.‡ (suggesting that a time bar will be construed as jurisdictional if the "grant of jurisdiction is followed by . . . [a] clause that expressly conditions jurisdiction upon timely filing").

Statutory context and purpose support this reading. Congress enacted IIRIRA with an eye toward carefully circumscribing the role of the courts. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999) ("[M]any provisions of IIRIRA are aimed at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the theme of the legislation." (emphasis omitted)); *see also Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1101 (9th Cir. 2019) (explaining that "Congress sharply circumscribed judicial review of

the expedited removal process"), *cert. granted sub nom. Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 427 (2019). Though Congress permitted limited challenges to the "system," it added the 60-day limitation to ensure that any such challenge would be "decided promptly." *AILA*, 199 F.3d at 1364; *see also* 8 U.S.C. § 1252(e)(3)(D) (requiring the courts "to advance on the docket and to expedite to the greatest possible extent the disposition of any case considered under" § 1252(e)(3)). Congress's desire for fast-tracked, narrowly cabined resolution of the legality of the expedited removal framework is inconsistent with Plaintiffs' reading of § 1252(e)(3), which could permit perpetual challenges to the IIRIRA itself, *see* 8 U.S.C. § 1252(e)(3)(A)(i), and its implementing regulations, policies, and procedures, *see id.* § 1252(e)(3)(A)(ii), by persons subject to expedited removal.

Plaintiffs acknowledge that the "fundamental goal of [IIRIRA] was to substantially limit judicial review and streamline admission and removal procedures," but maintain that the 60-day limit is nevertheless non-jurisdictional. Pls.' Br. at 20. Plaintiffs highlight the fact that the 60-day requirement in § 1252(e)(3)(B) is listed in a different subparagraph than the "jurisdiction-conferring" provision in § 1252(e)(3)(A), suggesting, they say, that "Congress intended to separate the section which pertains to and confers jurisdiction from those sections that do not." *Id.* at 10. It is true that the placement of a procedural requirement in a "separate provision" than the jurisdictional provision of a statute may evince Congress's intent that the requirement be non-jurisdictional, *see Arbaugh*, 546 U.S. at 515, but Plaintiffs miss the forest for the trees. Subparagraph 1252(e)(3)(B) *is* part of the jurisdictional provisions of IIRIRA. Indeed, the entire section is titled "Judicial review of orders of removal," 8 U.S.C. § 1252, and § 1252(e) is specifically titled "Judicial review of orders under section 1225(b)(1)."[7] *See Castro v. United*

---

[7] The court agrees with Plaintiffs that the simple "proximity" of § 1252(e)(3)(B) to other jurisdictional provisions is not dispositive of the matter. *See Gonzalez*, 565 U.S. at 147. What is dispositive, however, is that § 1252(e)(1) bars

*States Dep't of Homeland Sec.*, 835 F.3d 422, 426–27 (3d Cir. 2016) (observing that IIRIRA "makes abundantly clear that whatever jurisdiction courts have to review issues relating to expedited removal orders arises under § 1252(e)"); *see also Stone v. INS*, 514 U.S. 386, 405 (1995) ("Judicial review provisions . . . are jurisdictional in nature and must be construed with strict fidelity to their terms.").

Moreover, another filing deadline in § 1252 is listed in a separate subparagraph from the relevant jurisdictional grant, *see* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal"), and yet courts have uniformly treated that filing deadline as "mandatory and jurisdictional." *See, e.g.*, *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) (internal quotation marks and citation omitted); *Hih v. Lynch*, 812 F.3d 551, 554 (6th Cir. 2016); *Hurtado v. Lynch*, 810 F.3d 91, 93 (1st Cir. 2016); *Mshihiri v. Holder*, 753 F.3d 785, 788 (8th Cir. 2014); *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010); *see also Stone*, 514 U.S. at 390, 405 (treating as jurisdictional and "not subject to equitable tolling" an earlier version of the INA requiring that petitions for review of final deportation orders "may be filed not later than 90 days after" issuance of the order (quoting 8 U.S.C. § 1105a(a)(1) (1988)). These courts' consistent and longstanding jurisdictional treatment of a similar time bar provides additional evidence that § 1252(e)(3)(B) is jurisdictional, too. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 168 (2010) ("[C]ontext, including [courts'] interpretation[s] of similar provisions in many years past, is relevant to whether a statute ranks a requirement as jurisdictional.").

In sum, even if *AILA* does not supply a binding jurisdictional rule, the text, structure, purpose, and judicial construction of IIRIRA all demonstrate that the 60-day deadline is one of the

---

judicial review except as "specifically authorized" in Paragraph 1252(e)(3), and that paragraph, in turn, requires that actions be filed within 60 days of implementation of the challenged policy or procedure.  By conditioning its grant of jurisdiction on timely filing, Congress plainly rendered the deadline jurisdictional.

"rare" instances in which Congress has clearly expressed its intent to make a time bar jurisdictional.  *See Kwai Fun Wong*, 575 U.S. at 410.

C.

In an effort to negate IIRIRA's jurisdictional bar, Plaintiffs contend that "the 60-day requirement is unconstitutional."  Pls.' Br. at 19.  Plaintiffs appear to be advancing a due process challenge, *see id.* at 19–21 (citing U.S. Const. amend. V, XIV), but their threadbare, conclusory argument is forfeited, as it is mentioned only "in the most skeletal way," *Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005)).  Plaintiffs' due process challenge to § 1252(e)(3)(B) appears nowhere in their Complaint. *See generally* Second Am. Compl.  In their briefing, Plaintiffs assert a number of generalized constitutional concerns with the expedited removal framework writ large, but they never address why § 1252(e)(3)(B)'s 60-day jurisdictional bar violates the Due Process Clause.  Critically, they provide no explanation of whether they are entitled to due process in the first place, or why the 60-day bar unconstitutionally deprives them of any process they are due.  Nor do Plaintiffs make any argument as to why this court has jurisdiction to entertain their constitutional challenge, even though it is their burden to do so.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  While the court sympathizes with Plaintiffs' predicament, it is not the court's role to "do counsel's work," *Al-Tamimi*, 916 F.3d at 6 (quoting *Schneider*, 412 F.3d at 200 n.1), particularly in view of the hornet's nest of weighty constitutional and jurisdictional issues that Plaintiffs' argument pokes at but otherwise fails to address.

V.

For the foregoing reasons, the court dismisses this action for lack of subject-matter jurisdiction and denies Plaintiffs' Motion to Add Plaintiff Sahil, ECF No. 23.  A final order accompanies this Memorandum Opinion.

Dated:  April 22, 2020

Amit P. Mehta
United States District Judge